*Revised: April 22, 2021*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
    Sumira,                         :

                      Plaintiff(s),   :   No. <u>22</u>-cv-<u>01130</u> (PGG) (SDA)

        -against-            :

   Henschke et al,           :

                Defendant(s).  :

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   05/04/2022
```

<u>**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**</u>

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke

on <u>April 26, 2022</u> and exchanged communications thereafter, and submit the following

report of their meeting for the court's consideration:

1.     **Summary of Claims, Defenses, and Relevant Issues**

<u>**Plaintiff:**</u>

Plaintiff worked as a superintendent, home health aide, and manual worker at Defendants' 5-floor, 10-unit townhouse located in the Upper West Side of Manhattan, at 37 West 69th Street, New York, NY 10023 (Block: 7603, Lot: 15) (the "Upper West Side Property"), from on or around October 2014 through and including June 2021. Defendants' historic policy and practice was to pay Plaintiff a fixed weekly salary, regardless of how many hours Plaintiff worked in a week. As a result, Defendants operated their business with a policy of not paying Plaintiff for all regular or overtime hours worked, in violation of the FLSA and NYLL.

<u>**Defendant:**</u>

Defendants deny the allegations in Plaintiff's Complaint.

2.     **Basis of Subject Matter Jurisdiction:** 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337

*Revised: April 22, 2021*

3.      **Subjects on Which Discovery May Be Needed**

<u>Plaintiff:</u>

Defendants' payroll and timekeeping practices.

<u>Defendant:</u>

Defendants' payroll and timekeeping practices.

4.      **Initial Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was

disclosed by Plaintiff(s) on __3/1/2022____. In addition, on __5/4/2022____, Plaintiff(s)

produced/will produce an initial set of relevant documents identified in its Initial Disclosures

and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was

disclosed by Defendant(s) on __4/3/2022____. In addition, on __5/4/2022____, Defendant(s)

produced/will produce an initial set of relevant documents identified in its Initial Disclosures

and will continue to supplement its production.

5.      **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a.      All fact discovery must be completed by __9/1/2022____.

b.      The parties are to conduct discovery in accordance with the Federal Rules

of Civil Procedure and the Local Rules of the Southern District of New York. The following

interim deadlines may be extended by the parties on consent without application to the Court,

2

*Revised: April 22, 2021*

provided that the parties meet the deadline for completing fact discovery set forth in 5(a)

above.

    i.    <u>Depositions</u>: Depositions shall be completed by <u>9/1/2022</u> and limited to no more than <u>2</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>6/3/2022</u>. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

    iii.    <u>Requests for Admission</u>: Requests for admission must be served on or before <u>8/1/2022</u>.

    iv.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>6/3/2022</u> and responses shall be due on <u>7/4/2022</u>. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

    v.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on

discovery? Describe.

None.

7.    **Amendments to Pleadings**

a.    Are there any amendments to pleadings anticipated? No.

b.    Last date to amend the Complaint: 7/4/2022

*Revised: April 22, 2021*

8.      **Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts.  Expert

discovery shall be completed by _____.

9.      **Electronic Discovery and Preservation of Documents and Information**

a.      Have the parties discussed electronic discovery?  _____Yes._____

b.      Is there an electronic discovery protocol in place?  If not, when the

parties except to have one in place?  _____No. The parties defer to the Fed.R.Civ.P. regarding the exchange of all discovery.

c.      Do the parties want the Court to enter a Rule 502(d) Order? (*see* Rule 502(d) Order)

Yes _____          No ___X___

d.      Are there issues the parties would like to address concerning preservation

of evidence and/or electronic discovery at the Initial Case Management Conference?

No.

10.     **Anticipated Motions**

None.

11.     **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement.  The parties

request a settlement conference by no later than ___7/1/2022_____.  The following

information is needed before settlement can be discussed:

All of the information outlined in the Honorable Judge Paul E. Gardephe's  March 2, 2022 Mediation Referral Order [Dckt. No. 13]

12.     **Trial**

a.      The parties anticipate that this case will be ready for trial by ___9/30/2022_____.

*Revised: April 22, 2021*

b.      The parties anticipate that the trial of this case will require __2-3__ days.

c.      The parties do/do not (circle one) consent to a trial before a Magistrate

Judge at this time.

d.      The parties request a jury/bench (circle one) trial.

13.    **Other Matters**

_____

_____

_____

Respectfully submitted this __27th__ day of __April, 2022__.

ATTORNEYS FOR PLAINTIFF(S):                    ATTORNEYS FOR DEFENDANT(S):

_____                        *Diana Seo*
                                                _____

Levin-Epstein & Associates, P.C.
Jason Mizrahi, Esq.
60 East 42nd St., Suite 4700
New York, NY 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com

ENDORSEMENT:
The parties' proposed Case Management Plan is approved.
In addition, the parties shall file a joint letter regarding the
status of discovery on June 21, 2022. SO ORDERED.
Dated: May 4, 2022